STEWARD CONSTRUCTION CO., APPELLEE, *v.* THE MARION
WATER CO., APPELLANT.

[Cite as Steward Construction Co. v. Marion Water Co.,
3 Ohio App. 2d 168.]

(No. 1146—Decided November 2, 1963.)

*Messrs. Wiedemann & Wiedemann,* for appellee.
*Messrs. Mickley, Frericks & Howard,* for appellant.

GUERNSEY, J. Following the submission of bids the plaintiff, appellee herein, Steward Construction Company, executed a formal written agreement on March 19, 1958, to furnish all labor and materials required for the construction for defendant, appellant herein, Marion Water Company, of certain water purification and filtration structures for the lump sum of $201,-724. On June 27, 1958, another contract was executed between the parties for the furnishing of all labor and materials for the construction by the construction company for the water company of a diversion dam for the lump sum of $36,177. A supplemental agreement for the lengthening of the dam, increasing the lump-sum amount of the basic dam construction contract to $37,139, was thereafter executed on July 31, 1958. The consideration for the tangible personal property to be incorporated into the structures was neither separately stated in any of the contracts nor on the invoices or billing rendered by the construction company to the water company.

The construction company claims that in the early part of 1958, when it was considering bidding, an agent of the water company represented to it that the "materials going into the contract would (not) be subject to the sales tax of the state of Ohio." However, in the execution of the formal written agreements no mention was made as to the taxability of the materials nor as to whose primary liability sales tax on the materials would be in the event the same were taxable.

On March 27, 1958, the water company signed and delivered to the construction company a "Blanket Certificate of Exemption" on a form prescribed by the Tax Commissioner certifying that "all materials, merchandise, or goods purchased

from the Steward Construction Company after March 19, 1958, shall be purchased: * * * To use or consume the thing transferred directly in making retail sales, the rendition of a public utility service, or industrial cleaning of tangible personal property." Immediately above the signature of the water company appears the following:

"I/we agree that should the tangible personal property purchased under this certificate be determined to be taxable, that I/we shall be subject to the levy provided by law."

Thereafter, following a sales tax audit, assessment and reassessment by the state of Ohio, the construction company was assessed a sales tax of $812.90 on materials which it had purchased and in 1958 incorporated into the structures which it built for the water company. The Tax Commissioner determined:

"It is found the contracts to be lump sum construction contracts and the assessee to be the consumer of the material going into the structures and the objection is denied."

The construction company thereupon paid the sales tax so assessed and filed suit for same against the water company alleging that the "Water Company agreed that should the tangible personal property purchased by the plaintiff for use in said construction work be determined to be taxable, the Marion Water Company would pay said taxes or hold plaintiff harmless from payment of same." The action was tried to the Common Pleas Court without a jury and the court entered judgment in favor of the construction company in the amount of $812.90, with interest. It is from this judgment that the water company now appeals on questions of law. Although appellant assigns error of the trial court in five particulars the assignments of error have been argued together and may be summarized as an assignment that the judgment of the trial court is contrary to law.

In determining this appeal we are not concerned with the validity of the sales tax assessment but we are concerned with the character of the assessment as determined by the Tax Commissioner's finding and as to whether the water company is obligated to the construction company to indemnify the construction company for the amount thereof.

Section 5739.01, Revised Code, in its form applicable in 1958, 126 Ohio Laws 157, provided in pertinent part:
"* * *.

"(B) 'Sale' and 'selling' include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred, * * *, for a consideration in any manner, * * *. A construction contract pursuant to which tangible personal property is or is to be incorporated into a structure or improvement on and becoming a part of real property is a sale of such tangible personal property, and the construction contractor is the vendor thereof, if the consideration received or to be received for the tangible personal property is separately stated from the consideration received or to be received for the performance of the other contractual obligations. Such separation must appear in the contract between the parties or on the invoice or billing rendered by the contractor to the consumer. * * *.
"* * *.

"(E) 'Retail sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:
"(1) To resell the thing transferred in the form in which the same is, or is to be, received by him;
"* * * *"

Section 5739.02, Revised Code, in its form applicable in 1958, 124 Ohio Laws 147, levied a sales tax on "each *retail sale* made in this state of tangible personal property," exempted from the tax certain sales not herein pertinent, and created a statutory presumption "that *all sales* made in this state are subject to the tax until the contrary is established." (Emphasis added.)

Section 5739.03, Revised Code, in form effective in 1958, 126 Ohio Laws 723, 724, provided that "if the tax does not apply to a sale, the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate, indicating that the sale is not legally subject to the tax," and that "the certificate shall be in such form as the Tax Commissioner shall by regulation prescribe."

Section 5739.13, Revised Code, in form effective in 1958, 126 Ohio Laws 723, 724, 725, provided, among other things:

"An assessment against a vendor in cases where the tax imposed by Section 5739.02 of the Revised Code has not been collected or paid, shall not discharge the purchaser's or consumer's liability to reimburse the vendor for the tax applicable to such transaction. * * *."

In considering these sections as they affect this appeal, we must recognize that there are two transactions which are involved. The first is the transfer of title or possession of tangible personal property from the original supplier of materials to the construction company. The second is the use and conversion of that property by virtue of the provisions of the contract between the construction company and the water company. Under the statutes only retail sales are taxable but all sales are presumed taxable until the contrary is established. It also follows from the statutory definition of a "retail sale" and from the levying of the sales tax thereon that if the transfer of title or possession does not constitute a "sale," as defined, the sales tax is not applicable to the transaction.

On facts similar to those herein, and in construing provisions similar to those above quoted from subparagraph (B) of Section 5739.01, Revised Code, the Supreme Court held in *Ornamental Iron Work Co.* v. *Peck, Tax Commr.*, 160 Ohio St. 399:

"1. Where there is a construction contract, pursuant to which tangible personal property is or is to be incorporated into a structure or improvement on and becoming part of real property and where the consideration for such incorporation is *not* agreed upon, charged or paid separately from the consideration for the performance of other obligations thereunder, such construction contract does not constitute a sale under the Sales Tax Act.

"2. A sale of property to one, who purchases it for the purpose of incorporating it as a material or a part into tangible personal property to be produced by manufacturing and for disposition pursuant to such a construction contract, is taxable as a retail sale under the Sales Tax Act."

Compare *Kloepfer* v. *Peck, Tax Commr.*, 162 Ohio St. 427; *Fellows Construction Co.* v. *Bowers, Tax Commr.*, 171 Ohio

St. 375; and *Fritche Asphalt & Paving Co. v. Bowers, Tax Commr.*, 173 Ohio St. 111.

On similar facts, and under the provisions of Section 5739.01, Revised Code, as hereinbefore quoted, the Supreme Court held in the case of *Guy Johnston Lumber & Supply Co. v. Bowers, Tax Commr.*, 170 Ohio St. 395, 397, that:

"* * * The appellant could have resold the items here in issue directly to the tax-exempt organizations, and no tax would have attached, by reason of Section 5739.01 (E) (5), Revised Code, but it did not do so. Appellant used and consumed the items in executing its part of the lump-sum construction contracts, and the organizations with which the contracts were made received real property, not tangible personal property within the meaning of the statute. The appellant was a 'consumer' within the meaning of the statutes, and, under the specific provisions of Section 5739.01 (B), Revised Code, the tax was properly assessed. *Ornamental Iron Work Co. v. Peck, Tax Commr.*, 160 Ohio St. 399."

On the basis of these authorities it is apparent that the state of Ohio, in making the assessment and reassessment of sales tax against the construction company herein, was applying the tax to the original transfer of title or possession of tangible personal property from the original suppliers to the construction company. It is likewise apparent that it considered that the tangible personal property was used and consumed by the construction company by being incorporated by it under the construction contract into the realty of the water company, and that such use, consumption and incorporation, did not constitute a sale to the water company.

The construction company, and not the water company, being the consumer in the sale to which the assessment and reassessment pertained, the water company did not become liable to the construction company under the provisions of Section 5739.13, hereinbefore quoted.

If the representation by the agent of the water company that the "materials going into the contract would (not) be subject to the sales tax" may be considered, which consideration is doubtful under the rules of merger, it is nevertheless

apparent that such statement pertained to their incorporation by virtue of a lump-sum contract, invoice and billing into the realty of the water company, which did not constitute a sale and was not taxable, and such representation did not constitute an agreement to indemnify the construction company for a sales tax assessed against it as a consumer.

Finally, the agreement in the exemption certificate that the water company would "be subject to the levy provided by law" "should the tangible personal property purchased under this certificate be determined to be taxable" pertains to "all materials, merchandise, or goods purchased from the Steward Construction Company after March 19, 1958." As there was no *sale* of such goods from the construction company to the water company under the provisions of the Sales Tax Act, there, of course, was no purchase under such provisions by the water company from the construction company. There being no purchase "under this certificate determined to be taxable" no liability to anyone accrued to the water company under the provisions of its agreement in the exemption certificate.

We are, therefore, of the opinion that the trial court committed error prejudicial to the appellant water company in determining that it was liable to the appellee construction company for the Ohio sales tax assessed and reassessed against it as a consumer, that for such error the judgment of the trial court is reversed and vacated, and final judgment is entered for the water company.

*Judgment reversed.*

MIDDLETON, P. J., and YOUNGER, J., concur.